NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE A. HERNANDEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1822

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5943, Judge Amanda L. Meredith, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr.

---

Decided: January 31, 2024

---

JOE A. HERNANDEZ, San Antonio, TX, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, HUGHES and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Joe A. Hernandez appeals from a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Hernandez served in the Army from May 1976 to August 1980. S. Appx. 36.[1] In August 1980, the Veterans Affairs Regional Office (RO) granted Mr. Hernandez a 40% disability rating for cervical spondylosis and degenerative disc disease. In September 2019, Mr. Hernandez requested his ratings decision be revised based on clear and unmistakable error (CUE). S. Appx. 10–21. In June 2020, the RO issued a decision denying Mr. Hernandez's request to reopen and revise his ratings decision based on CUE. S. Appx. 36–38. In a letter accompanying the June 2020 decision, the RO informed Mr. Hernandez of the various options and requisite forms available to him should he wish to appeal the RO's decision. S. Appx. 25–26. Mr. Hernandez did not file any of the required forms to docket an appeal, despite several attempts by the Department of Veterans Affairs (VA) to direct him to the proper forms. S. Appx. 55–58.

In July 2022, Mr. Hernandez petitioned the Veterans Court for a writ of mandamus, asking the court to compel the VA to adjudicate his appeal of the June 2020 RO decision. S. Appx. 51–54. The Veterans Court requested Mr. Hernandez submit more information and, after receiving Mr. Hernandez's response, dismissed the petition without prejudice for failure to comply with Rule 21(a). *Hernandez v. McDonough*, No. 22-4586, 2022 WL 4363477, at *2 (Vet. App. Sept. 21, 2022) (*Hernandez I*). In October 2022, Mr. Hernandez filed another petition for a writ of mandamus

---

[1] "S. Appx." refers to the Corrected Supplemental Appendix.

with the Veterans Court, again asking the court to compel the VA to adjudicate his appeal of the June 2020 RO decision. S. Appx. 88–90. On October 26, 2022, the Veterans Court denied the petition because Mr. Hernandez did not meet his burden of demonstrating he is clearly entitled to a writ. *Hernandez v. McDonough*, No. 22-5943, 2022 WL 14763228, at \*2 (Vet. App. Oct. 26, 2022) (*Hernandez II*). Mr. Hernandez appeals.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We have jurisdiction to review the Veterans Court's denial of a writ of mandamus in some circumstances, such as those involving the interpretation of a regulation or statute. *See Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002).

Mr. Hernandez argues the Veterans Court's October 2022 decision is contrary to law because it dismissed his petition without prejudice contrary to 28 U.S.C. § 1651(a), Rule 21(d), and Article III of the U.S. Constitution. Informal Brief of Appellant at 1–2. He also makes several arguments regarding the Veterans Court's jurisdiction to review his petition. *See generally id.* at Evidence and Arguments in Support of Informal Brief.

In its October 2022 decision, the Veterans Court evaluated the merits of Mr. Hernandez's petition and denied it because he failed to demonstrate clear entitlement to a writ. *Hernandez II*, 2022 WL 14763228, at \*2. In denying the petition, the Veterans Court found the petition did not demonstrate: (1) any factual or legal basis showing the VA

inappropriately refused to docket his appeal, (2) Mr. Hernandez timely filed the proper appeal form, or (3) the VA waived the requirement to file the correct form. *Id.* In other words, the Veterans Court found Mr. Hernandez never filed an appeal of the June 2020 RO decision so there was nothing to order the VA to adjudicate. This determination is a finding of fact which we do not have jurisdiction to review. *See* 38 U.S.C. § 7292(a).

Mr. Hernandez does not allege any other error over which we could exercise jurisdiction. *See* 38 U.S.C. § 7292(a). The Veterans Court did not interpret 28 U.S.C. § 1651(a) or Rule 21(d) in its opinion. It applied the law to the facts of the case, which we do not have jurisdiction to review. *See* 38 U.S.C. § 7292(d)(2). Further, we note Mr. Hernandez's unsupported invocation of Article III of the U.S. Constitution does not provide us jurisdiction. *See Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack"). Alleging error without sufficient detail or analysis does not create a constitutional issue within this Court's jurisdiction. We therefore lack jurisdiction over Mr. Hernandez's appeal.

## Conclusion

We have considered Mr. Hernandez's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss for lack of jurisdiction.

### DISMISSED

## Costs

No costs.